UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA (Rural Development)<br>Plaintiff<br><br>v.<br><br>JOHN DOE AND RICHARD ROE as those unknown persons who may be the holders of the lost mortgage note or have any interest in this proceeding,<br>Defendants | CIVIL NO. 09-2012(SEC)<br><br>ACTION FOR CANCELLATION OF LOST NOTE<br>**(VICTOR MANUEL TIRADO VEGA and RAMONA MEDINA RODRÍGUEZ)** |

## JUDGMENT BY DEFAULT

WHEREAS, the defendants were duly served by publication pursuant to order of this Court and notice published in the newspaper on January 27, February 3, 10, 17, 24, and on March 3, 2010 per the verified statement filed with the Clerk of this Court;

WHEREAS, the requirements of Rule 4 of the Rules of Civil Procedure of Puerto Rico and Article 82 of the Mortgage Law has been met (P.R. Laws Tit. 30 § 156);

WHEREAS, according to 28 U.S.C. §1655 the defendants were ordered to appear and answer the Complaint and it appearing to the Court that none of the defendants have appeared or answered the Complaint, after due deliberation and consideration, the Court makes the following:

United States v. John Doe and Richard Roe
(VICTOR MANUEL TIRADO VEGA and RAMONA MEDINA RODRÍGUEZ)
Civil No. 09-2012(SEC)
Page 2

## FINDINGS OF FACTS

1. On or before May 15, 1973, VICTOR MANUEL TIRADO VEGA and RAMONA MEDINA RODRÍGUEZ, received from the United States of America, acting through the U.S. Department of Agriculture, Rural Development, a loan in the amount of $23,000.00 at 7¼% interest rate, on the property described at paragraph 3 below.

2. In evidence of the money lent by plaintiff United States of America, Rural Development, VICTOR MANUEL TIRADO VEGA and RAMONA MEDINA RODRÍGUEZ, executed in favor of the plaintiff a promissory note dated May 15, 1973, in the amount of $23,000.00 at an interest rate 7¼% payable to Department of Agriculture Rural Development.

3. To secure the payment of said promissory note, VICTOR MANUEL TIRADO VEGA and RAMONA MEDINA RODRÍGUEZ, executed a First Mortgage in favor of the plaintiff, United States of America, on May 15, 1973, by First Mortgage Deed No. 163 before Notary Public Oscar Ortíz Martínez, over the following described property:

> "URBANA: Solar que se marca con el No. 9-B de Bloque "A" de la URBANICACIÓN RESIDENCIAL LOS ANGELES, propiedad de la Easterland Development, Inc. sita en Yabucoa, Puerto Rico, con una cabida superficial de 173.10 metros cuadrados. En lindes por el Norte, en una distancia de 7.50 metros, con un remanente de la finca, por el Noreste, en una distancia de 23.08 metros, con el solar No. 9-A; por el Sureste, en una distancia de 23.08 metros, con el solar No. 10-A; y por el Suroeste, en una distancia de 7.50 metros, con la Calle "A" de la Urbanicación. Sobre este solar "La Corporación" ha construído una casa de dos plantas, de hormigón reforzado, para una sola familia, Modelo Orquídea,

United States v. John Doe and Richard Roe
(VICTOR MANUEL TIRADO VEGA and RAMONA MEDINA RODRÍGUEZ)
Civil No. 09-2012(SEC)
Page 3

> fachada 1, con las facilidades usuales, tales como sala, comedor, dormitorio, baños y marquesina para un solo automóvil."

4. The aforementioned first mortgage deed executed in favor of the plaintiff was duly recorded in the Property Registry of Humacao, at page 135, volume 126 of Yabucoa, property number 6296, 1st inscription, where said mortgage appears in full force and effect.

5. The original promissory note of $23,000.00 dated May 15, 1973, while in possession of and under the Custody of Rural Development, was lost, misplaced or destroyed.

6. The indebtedness assumed by VICTOR MANUEL TIRADO VEGA and RAMONA MEDINA RODRÍGUEZ, to the plaintiff, United States of America has been paid in full.

### CONCLUSIONS OF LAW

Articles 132 and 134 of the Mortgage Law, provides that when a mortgage note has been lost, the mortgage may be canceled by the Registrar of Property only by judicial decree obtained by a court of competent jurisdiction in a civil proceeding such as authorized by the Code of Civil Procedure of Puerto Rico, in which the court decrees that the mortgage obligation is extinguished. P.R. Laws Tit. 30 §§ 2456 and 2458.

United States v. John Doe and Richard Roe
(VICTOR MANUEL TIRADO VEGA and RAMONA MEDINA RODRÍGUEZ)
Civil No. 09-2012(SEC)
Page 4

**WHEREFORE, IT IS ORDERED THAT**

(1) Judgment be entered against the defendants herein declaring that the aforementioned mortgage obligation is extinguished.

(2) The promissory note in the amount of $23,000.00, on the unpaid balance executed by VICTOR MANUEL TIRADO VEGA and RAMONA MEDINA RODRÍGUEZ, on May 15, 1973, the possession of whomsoever it may now be or become in the future, is hereby declared null and void, and therefore canceled.

(3) The Registrar of the Property of Humacao, Puerto Rico, cancel and nullify the real estate voluntary mortgage executed by VICTOR MANUEL TIRADO VEGA and RAMONA MEDINA RODRÍGUEZ, to secure the payment of the promissory note above described constituted by the terms of Voluntary Mortgage Deed No. 163 executed before Notary Public Oscar Ortíz Martínez on May 15, 1973, and which was recorded in the Registry of Property of Humacao, Puerto Rico, at page 135, volume 126 of Yabucoa, property number 6296, 1st inscription.

San Juan, Puerto Rico this  14th  day of  April , 2010.

s/Salvador E. Casellas
SALVADOR E. CASELLAS
UNITED STATES DISTRICT JUDGE